Ingraham, J. (Concurring).
By the contract sued on the certificate of the architect was a condition precedent to the right of the plaintiff to receive the payments to recover which this action is brought. The complaint does not allege that such a certificate was given, nor is it alleged that the architect unreasonably refused to give such a certificate.
It was conceded on the trial that no such certificate was given by the architect. The complaint was *31 dismissed upon the express ground that it was not alleged either that the certificate was given or that the architect unreasonably refused to give the certificate. There was no application to amend the complaint.
The evidence of the plaintiff showed that the plaintiff had failed to complete his contract, and it was upon this ground that the architect refused to give the certificate.
The evidence did not justify a finding of the jury that the contract had been substantially complied with, or that the refusal of the architect to give a certificate was unreasonable. The only request for a certificate was the letter of September 8, 1882: to that the architect replied, stating the grounds of his refusal. They were that the contract was not completed and that sub-contractors had filed liens. These reasons fully justified the refusal and there was no evidence that the reasons given by the architect were not founded on fact. The evidence did show that the plaintiff had not completed his contract. That the cellar was not water-tight, and it would appear from the plan introduced in evidence that a foundation for the cellar floor of the thickness of two feet was required. This, plaintiff conceded, he had failed to furnish. It would thus appear that the plaintiff failed to either allege or prove the condition upon which his right to recover depended, viz.: that the certificate of the architect had been given or unreasonably refused.
The right to recover was not by the complaint based upon the fact that the defendant’s testatrix .had accepted the alternative provision of the contract and completed the work herself, but upon the right of the plaintiff to recover the amount due on the contract because of its substantial completion. The objection was taken that no such cause of action was alleged, and the court so held. If plaintiff had *32 desired to present such a question an application should have been made to amend the complaint.
I agree, therefore, that the complaint was properly dismissed, and that the judgment should be affirmed, with costs.